[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On March 29, 1993, this court held a trial, listened to witnesses and took as evidence offered by the parties. Based upon the evidence and taking into consideration Conn. Gen. Stat. 46b-81 and 46b-82 the court will make the following findings:
1) That the parties were intermarried on April 11, 1989 at Enfield, Connecticut and the plaintiff's maiden name was Janet Joyce Sapolis. CT Page 3482
2) That the plaintiff has resided in the State of Connecticut continuously one year prior to bringing this action.
3) That the marriage of the parties has broken down irretrievably with no prospect of reconciliation.
4) There have been no minor children born to the wife since the date of the marriage.
FACTS
This short termed marriage must be analyzed from the perspective that this was a second marriage for both of the parties. The record is clear that alcohol played a major role in the destruction of the marriage, with the plaintiff carrying a higher proportion of fault. The only event that this court must decide is how to handle the house which is the only major asset of the relationship.
SUFFIELD HOME
The record shows the plaintiff owned a property in Windsor, Connecticut which she sold during the marriage. From the proceeds of the sale of the plaintiff invested approximately $50,000 plus in a new home purchased by the parties in Suffield, Connecticut. Eventually as the marriage self-destructed the plaintiff moved out of the Suffield home and the defendant husband and his child from a prior marriage have taken over the property. The record shows that although the property was purchased for $180,000 it is now listed on the financial affidavits as having the value of $160,000. In balancing the equities of the marriage while recognizing the hellish alcohol driven conduct of the plaintiff, this court orders that the defendant husband quit claim his interest in the property at 500 Thrall Road, Suffield, Connecticut to the plaintiff immediately. This order recognizes that the defendant has made financial contributions to the property but in the court's opinion those contributions do not equal the original money contributed by the plaintiff to the purchase of the house.
Noting that the defendant is presently residing in the premises this court gives him 60 days to vacate the premises. CT Page 3483 During the time that the defendant is in the premises he shall maintain all mortgage obligations and all other obligations normally assumed while living in a premises. The defendant shall vacate the premises in good condition and shall hold the plaintiff harmless on the mortgage obligation. Within 72 hours of this court's order the defendant shall provide to the court's file pictures of each and every room of the premises including the attic/basement or any buildings on the land. The photographs should note on the back any present physical damages to the property.
PERSONAL PROPERTY
The court has been handed a list of personal property claimed by the plaintiff. The list contains 26 items. The court will declare items 2, 6, 7, 8, 10, 12, 25 and 26 to be personal items belonging to the plaintiff. Based upon this court's decision concerning the house the plaintiff shall declare whether she wishes to pick up the items or to have the defendant store them in the house. Any damages to the property beyond normal wear and tear will be the defendant's responsibility to pay for.
NEW MEXICO HOUSE
It is a finding of this court that the New Mexico house was owned by the defendant prior to the marriage and that it is the sole property of the defendant.
ALIMONY
It is the finding of this court that the defendant pay to the plaintiff $50.00 per week for a period of one year. If the plaintiff becomes employed during the one year period and makes $350.00 per week or over the alimony obligation shall be null and void. The plaintiff is ordered to notify the defendant when she begins employment.
AUTOMOBILES
Each shall retain their own automobiles. Each is responsible for the debts listed on their financial affidavits.
COUNSEL FEES CT Page 3484
Each shall be responsible for their own counsel fees.
CHANGE OF NAME
The plaintiff shall be known as Janet Joyce Sullivan forthwith.
SO ORDERED
Norko, J.